IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  Plaintiff,

    v.

STACEY MILLER,

                  Defendant.

ORDER

01-cr-71-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Stacey Miller has filed a motion pursuant to Fed. R. Civ. P. 60(b), in which he attacks his criminal conviction and sentence as unconstitutional. The motion must be denied. Not only is Rule 60 the wrong mechanism for challenging a criminal conviction and sentence, but this is the second challenge defendant has brought to his conviction and sentence. (Defendant filed a motion for relief from his sentence in July 2004. The motion was denied.) District courts have no jurisdiction to entertain successive challenges to convictions and sentences unless the court of appeals has certified the challenge as one that meets the requirements of 28 U.S.C. § 2255. Defendant has not shown that his motion has been certified; therefore, it must be dismissed for lack of jurisdiction.

      Defendant cannot avoid the successive petition rule simply by re-naming his motion

1

something other than a motion brought pursuant to § 2255.  "[A]ny post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255," requiring prior appellate approval before it may be brought in the district court.  <u>United States v. Evans</u>, 224 F.3d 670, 672 (7th Cir. 2000).

ORDER

IT IS ORDERED that defendant Stacey Miller's motion pursuant to Rule 60 is construed as a motion brought pursuant to 28 U.S.C. § 2255 and is DISMISSED for lack of jurisdiction.

Entered this 11th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge